ANNA PITEL, appellant,

*v.*

ABRAM PITEL, respondent.

[Decided February 6th, 1919.]

On appeal from a decree of the court of chancery advised by Advisory Master Joline, who filed the following opinion:

*90 N. J. Eq.*                Pitel *v.* Pitel.

"The complainant and defendant were married on April 2d, 1913, in the city of Philadelphia and State of Pennsylvania, and established a residence at Brotmanville, in this state. Their married life does not seem to have been the happiest, their dispositions being the opposite of each other. I think that the complainant was of a nervous, excitable disposition and apt to take offence at slight things, while that of the defendant was sullen and moody. Their married life was quite stormy, but I cannot say that the defendant was entirely responsible for it. The evidence convinces me that the petitioner was partly responsible for it. She complains of acts of cruelty on the part of her husband, which he is no doubt responsible for, but I think that her own conduct in a measure incited him to these acts of cruelty.

"On the 8th day of June, 1914, a dispute occurred between them. The defendant left their home and went over to his father's home, but returned about nine o'clock at night, and trying to get in his house found it locked. When he asked permission to enter she refused it. The next day he went with a friend, and she again refused to let him enter. It would seem from this that the actual desertion was on her part, but she alleges the cruelty of the husband as the cause of her leaving him, claiming that there was constructive desertion. She immediately had him arrested for non-support, and an order was entered in subsequent proceedings that he support her, which order has expired. The husband then went to Reno, Nevada, where he attempted to establish a residence and obtained a decree of divorce, coming back as soon as it was granted to New Jersey, where he has lived ever since in the vicinity of the petitioner's home. Subsequently, the petitioner obtained an order opening this decree and the matter is still undetermined in Reno. I am convinced that the act on the part of the husband in obtaining this divorce in Reno was a fraud upon the rights of the petitioner. In any event, after he returned to New Jersey, he made efforts to have the petitioner return to him, and live with him as his wife. These efforts she repulsed, she calling him at times a tramp, a bum and spitting in his face. I cannot say that these efforts were not sincere. They were persisted in, and each time

they were repulsed. The conduct of the petitioner, in any event, shows her state of mind and her unwillingness to again live with her husband and give him a trial. It may be that if he had been cruel to her, he then saw the error of his conduct and was willing to live with her and treat her as a husband should. If a husband makes sincere efforts, after having deserted his wife, to have her return to him and live with him as his wife, it cannot be said that the desertion is continuous on his part. The act authorizing this proceeding declares that the husband must not only without justifiable cause abandon or separate from his wife, but also refuse or neglect to maintain and provide for her. The effort on the part of the defendant to induce the petitioner to return and live with him again, made on several occasions, and repulsed by her in the manner above stated, I think relieves the husband from the charge of abandonment.

"While the conduct of the defendant may not have been all that a true and loyal husband owed to his wife, still I am inclined to believe that even after the decree of divorce in Reno was granted, he wished to re-establish his marital relations and that she refused his offer.

"I am, therefore, of the opinion that a decree should be entered in this case dismissing the bill of the complainant, and I so advise."

*Mr. Herbert C. Bartlett,* for the appellant.

*Mr. Royal P. Tuller,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Advisory Master Joline.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER—11.

*For reversal*—None.